IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31823-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EARL ANTHONY NAVARETTE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — A jury found Earl A. Navarette guilty as charged of attempted theft of a motor vehicle, third degree malicious mischief, and second degree trespass. The sentencing court calculated Mr. Navarette's offender score at nine by including five prior California convictions. Mr. Navarette appeals, contending four of his five California convictions should not have been included and defense counsel rendered ineffective assistance of counsel by failing to object. He further contends the judgment and sentence should be corrected because it wrongly specifies maximums for a class B felony not a class C felony. The State correctly concedes Mr. Navarette's contentions and requests resentencing. Accepting the State's concessions, we vacate Mr. Navarette's sentence and remand for the limited purposes of conducting a comparability

analysis and correcting the judgment and sentence to show the correct sentencing maximums. Considering the concessions, no further factual recitation is warranted.

ANALYSIS

Under the Sixth Amendment, a criminal defendant has the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "A claim of ineffective assistance of counsel is an issue of constitutional magnitude that may be considered for the first time on appeal." *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). To establish ineffective assistance of counsel, a defendant must prove, "(1) defense counsel's representation was deficient, *i.e.*, it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced the defendant, *i.e.*, there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)

"To properly calculate a defendant's offender score, the [Sentencing Reform Act] requires sentencing courts to determine a defendant's criminal history based on his or her prior convictions and the level of seriousness of the current offense." *State v. Ross*, 152 Wn.2d 220, 229, 95 P.3d 1225 (2004) (citing *State v. Wiley*, 124 Wn.2d 679, 682, 880 P.2d 983 (1994)). In order for prior out-of-state convictions to be included in a defendant's offender score, the Sentencing Reform Act, chapter 9.94A.RCW, requires

2

the "[o]ut-of-state convictions . . . be classified according to the comparable offense definitions and sentences provided by Washington law." RCW 9.94A.525(3).

In *State v. Thiefault*, 160 Wn.2d 409, 417, 158 P.3d 580 (2007), our Supreme Court held the failure to object to a deficient comparability analysis of a prior Montana conviction constituted ineffective assistance of counsel. The court held the defendant's attorney provided deficient representation under the first prong of the *Strickland* test when he did not object to the sentencing court's lack of comparability analysis. *Id.*; *see also Strickland*, 466 U.S. at 687. The parties agree, factual questions of the comparability of the four challenged out-of-state convictions should be considered by a sentencing court on remand. We accept the State's concession.

Next, the parties correctly agree the judgment and sentence erroneously states Mr. Navarette was found guilty of theft of a motor vehicle, a class B felony, with a special allegation of attempt, with a maximum term of confinement of 10 years. But Mr. Navarette was found guilty of attempted theft of a motor vehicle, a class C felony with a maximum term of confinement of five years. *See* RCW 9A.28.02(3)(c); RCW 9A.56.065(2); RCW 9A.20.021(1)(c). This error must be corrected on remand. *See State v. Healy*, 157 Wn. App. 502, 516, 237 P.3d 360 (2010) (remand appropriate to correct scrivener's error in judgment and sentence, incorrectly stating the terms of confinement imposed).

Sentence vacated; remanded for proceedings consistent with this opinion.

No. 31823-1-III
*State v. Navarette*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Brown, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Fearing, J.

4